IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, | No. Civ. S-07-0819 RRB EFB |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| OWEN J. RAMSEY III and DIANE RAMSEY, | |
| Defendants. / | |

Defendants Owen J. Ramsey III and Diane Ramsey move to dismiss plaintiff Connecticut General Life Insurance Company's claim for declaratory and injunctive relief. Connecticut General seeks to enjoin the Ramseys from proceeding with a California state court action alleging illegal activity related to "vanishing premium" insurance policies.[1]  For the following reasons, the court DISMISSES Connecticut General's action.[2]

---

[1]   On May 16, 2007, the Ramseys filed a motion to dismiss the complaint for declaratory relief.  On June 27, 2007, Connecticut General filed a motion to apply the Spitz anti-suit injunction.

I.

In Spitz v. Connecticut Gen. Life Ins. Co., a class of plaintiffs alleged that Connecticut General made improper charges to and fraudulent statements regarding certain "vanishing premium" or "interest sensitive" policies.[3] See In re Connecticut Gen. Life Ins. Co., CV-95-3566, 1997 WL 910387, at *22-23 (C.D. Cal. Feb. 13, 1997).   The Spitz case was consolidated with a similar action by the Panel on Multidistrict Litigation and transferred to the Central District of California.   Id. at *2.   On September 11, 1996, the parties entered into a settlement agreement.   Id at *1-2.   The agreement included an anti-suit injunction under which the class members gave up "the right to assert any and all claims, known or

With this order, the court addresses the largely duplicative analysis of both motions.

[2]    Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.   See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

[3]    The Spitz plaintiffs alleged that Connecticut General and/or its agents represented to life insurance purchasers that, after a certain date, the income from variable-interest policies would be sufficient to cover the cost of premium payments, freeing costumers from out-of-pocket premium payments.   The plaintiffs further alleged that Connecticut General failed to disclose that they would be required to make premium payments if a policy's interest income was insufficient to cover its costs.

unknown, that they currently posses, may possess or may have possessed against [Connecticut General] . . . relating in any way to the life insurance policies that are the subject of this lawsuit." Id. at *25. On February 13, 1997, the Central District granted final approval of the class settlement. Id. at *1-2. Although a class member challenged the sufficiency of the class notice on appeal, the Ninth Circuit affirmed the court's ruling. Spitz v. Connecticut Gen. Life Ins. Co., 172 F.3d 876 (9th Cir. 1999).

The settlement expressly covered three policies owned by the Ramseys, which they purchased in 1986. Connecticut General argues that the Ramseys are, therefore, barred under the terms of the settlement and anti-suit injunction from bringing any claim based upon the polices. The Ramseys, however, allege that they never received notice related to the 1997 settlement and only learned about it in January 2004, after their policies lapsed without prior notice. The Ramseys also allege that, following the 1997 settlement, Connecticut General continued prior illegal practices and engaged in new ones.

On June 20, 2005 the Ramseys filed a California state action against Connecticut General. In its answer, Connecticut General raised defenses based upon the Spitz settlement. On January 30, 2006, Connecticut General filed a motion in the Central District of California to enforce the Spitz settlement

against the Ramseys.   The court, finding that almost ten years had passed since the final order, denied the motion and divested itself of jurisdiction over the case.   On April 7, 2006, Connecticut General filed a motion in California state court to enforce the Spitz settlement.   The state court denied the motion on May 5, 2006, finding that Connecticut General had neither complied with the procedural requirements of a res judicata defense nor provided sufficient grounds for injunctive relief. After conducting discovery in the state action, the Ramseys filed an amended complaint on November 3, 2006.   On January 26, 2007, Connecticut General filed another motion in the Central District to enforce the Spitz settlement against the Ramseys. The Ramseys filed a motion to transfer venue to the Eastern District, in which they live.   On April 26, 2007 the Central District granted the Ramseys' motion.   Connecticut General now moves for this court to apply the Spitz anti-suit injunction to protect and effectuate the Spitz settlement.

## II.

"A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."   28 U.S.C. § 2283; see California v. Randtron, 284 F.3d 969, 975 (9th Cir. 2002) (applying the Act "to declaratory judgments if

those judgments have the same effect as an injunction"). "Any doubts regarding the appropriateness of an injunction 'should be resolved in favor of permitting the state courts to proceed.'" Amwest Mortgage Corp. v. Grady, 925 F.2d 1162, 1164 (9th Cir. 1990) (quoting Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)). "Because of the sensitive nature of interfering with an ongoing state action, courts require a strong and unequivocal showing of relitigation" to enjoin a state court to protect an earlier federal judgment. Amwest, 925 F.2d at 1164 (quotation marks and citation omitted).

Connecticut General argues that the court must protect the Spitz judgment from the Ramseys' efforts to relitigate previously decided issues. The court, however, declines to exercise its discretionary power to enjoin the state court because "state courts are just as capable as federal courts in applying applicable law." Merle Norman Cosmetics, Inc. v. Victa, 936 F.2d 466, 468 (9th Cir. 1991). Nothing has prevented Connecticut General from raising a collateral estoppel defense in state court. To the contrary, the state court has expressed its willingness to hear such defenses so long as Connecticut General complies with relevant procedural guidelines. See Ramsey, et al. v. Lincoln Financial Group, et al., No. 05-AS-03190, at 1-2 (Cal. Super. Ct. May 5, 2006).

Moreover, analysis of the Ramseys' claims and Connecticut General's collateral estoppel defense is better left to courts with jurisdiction over the Spitz action or the state action than a court lacking experience with the disputed issues.  Here, since the Spitz court has divested itself of jurisdiction over claims concerning the settlement, the court finds that the state court is the proper forum to resolve the alleged issues of collateral estoppel.[4]  Therefore, the court refuses to exercise its discretion to enjoin the state court.

<div align="center">III.</div>

For these reasons, the court DENIES the motion to enforce the Spitz anti-suit injunction and GRANTS the motion to dismiss.

IT IS SO ORDERED.

ENTERED this 30th day of July, 2007.

<div align="center" style="text-align:right">s/RALPH R. BEISTLINE<br>United States District Judge</div>

---

[4]   This case differs from In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355 (3rd Cir. 2001), relied upon by Connecticut General.  The Prudential court expressly retained jurisdiction over the class action after settlement, giving it an interest in the protection of its judgment as "an ongoing order."  Id. at 367-68.  Here, however, the Spitz court divested itself of jurisdiction, ending the express retention of authority, despite knowledge of the threats to its judgment alleged by Connecticut General.  See Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268-69 (9th Cir. 1996) (discussing the district court's discretion to terminate previously retained jurisdiction).